**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| BOB ROSS, INC., | |
| Plaintiff, | No. 25-cv-09890 |
| v. | Judge Georgia N. Alexakis |
| lang01, | Magistrate Judge Jeffrey T. Gilbert |
| Defendant. | |

**DEFAULT JUDGMENT ORDER**

This action having been commenced by Plaintiff Bob Ross Inc., ("Plaintiff") against

the defendant lang01 using the Online Marketplace Account identified below (the "Defendant

Internet Store"):

| Merchant Name | Merchant ID | Merchant URL |
|---|---|---|
| lang01 | 21756504 | https://www.dhgate.com/store/21756504 |

A list of the Plaintiff's Intellectual Property is included in the below chart:

| Reg. No. | Trademark | Issue Date | International Class |
|---|---|---|---|
| 7,401,786 | BOB ROSS | May 28, 2024 | Class 12, 16, 21, 25, 28 |
| 7,090,125 | BOB ROSS | June 27, 2023 | Class 2, 9, 16, 41 |
| 5,045,042 | HAPPY TREES | September 20, 2016 | Class 25 |

Plaintiff having moved for entry of Default and Default Judgment against the Defendant

("Defaulting Defendant"), this Court orders that Plaintiff's Motion for Entry of Default and

Default Judgment is GRANTED as follows, that Defaulting Defendant is deemed in default,

and that this Default Judgment is entered against Defaulting Defendant.

1

This Court finds that Defaulting Defendant is liable for willful trademark infringement counterfeiting (15 U.S.C. § 1114), false designation of origin (15 U.S.C. § 1125(a)), and violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510 *et seq.*). This Court further orders that:

1. Defaulting Defendant, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

   a. using the Plaintiff's Intellectual Property or any reproductions, infringing copies, or colorable imitations in any manner in connection with the manufacturing, distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Plaintiff product or not authorized by Plaintiff to be sold in connection with the Plaintiff's Intellectual Property;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Plaintiff product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Plaintiff's Intellectual Property;

   c. committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff; and

   d. manufacturing, shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner,

products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and/or which may bear any of Plaintiff's trademarks or any reproductions, counterfeit copies or colorable imitations thereof.

2. The domain name registries for the Defendant Domain Names, including, but not limited to, VeriSign, Inc., Neustar, Inc., Afilias Limited, CentralNic, Nominet, and the Public Interest Registry, and the domain name registrars, including, but not limited to, GoDaddy Operating Company LLC, Name.com, PDR LTD. d/b/a/ PublicDomainRegistry.com, and Namecheap Inc., within seven (7) calendar days of receipt of this Order, shall, at Plaintiff's choosing:

    a. transfer the Defendant Domain Names to Plaintiff's control, including unlocking and changing the registrar of record for the Defendant Domain Names to a registrar of Plaintiff's selection, and the domain name registrars shall take any steps necessary to transfer the Defendant Domain Names to a registrar of Plaintiff's selection; or

    b. disable the Defendant Domain Names and make them inactive and untransferable.

3. Defaulting Defendant and any Third-Party with actual notice of this Order who is providing services for the Defaulting Defendant, or in connection with any of the Defaulting Defendant's Online Marketplace, including, without limitation, any online marketplace platforms such as DHgate.com Inc. ("DHgate") (the "Third-Party Providers"), shall within seven (7) calendar days of receipt of this Order cease:

    a. using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Account, or any other online marketplace

3

account that is being used to sell or is the means by which Defaulting Defendant could continue to sell counterfeit and infringing goods using the Plaintiff's Intellectual Property; and

b. operating and/or hosting websites that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the Plaintiff's Intellectual Property, or any reproductions, counterfeit copies or colorable imitations thereof that is not a genuine Plaintiff product or not authorized by Plaintiff to be sold in connection with the Plaintiff's Intellectual Property.

4. Upon Plaintiff's request, those with notice of this Order, including the Third-Party Provider as defined in Paragraph 3 shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defaulting Defendant in connection with the sale of counterfeit and infringing goods using Plaintiff's Intellectual Property.

5. Pursuant to 15 U.S.C. § 1117(c)(2), Plaintiff is awarded statutory damages from the Defaulting Defendant in the amount of $5,000.00 for willful use of counterfeit versions Plaintiff's trademarks on products sold through at least the Defendant Internet Stores. This award shall apply to the Defaulting Defendant only once, even if they are listed under multiple different aliases in the Complaint.

6. Any Third-Party Providers holding funds for the Defaulting Defendant, as defined in Paragraph 3, as well as payment processors including Alipay, LianLian Global, LL Pay U.S., LLC, Lianlian Yintong Electronic Payment Co. Ltd. ("LianLian"), PayPal

Holdings, Inc. ("PayPal"), Payoneer Global Inc. ("Payoneer"), and Stripe Inc. ("Stripe") (collectively, "Payment Processors"), shall, within seven (7) calendar days of receipt of this Order, permanently restrain and enjoin any accounts connected to the Defaulting Defendant or the Defendant Internet Store from transferring or disposing of any funds or other of Defaulting Defendant's assets (up to the statutory damages awarded in Paragraph 5 above).

7. All monies (up to the amount of the statutory damages awarded in Paragraph 5 above) currently restrained in Defaulting Defendant's financial accounts, including monies held by Third-Party Providers and Payment Processors as defined in Paragraph 3 and 6, are hereby released to Plaintiff as partial payment of the above-identified damages, and Third-Party Providers and Payment Processors are ordered to release to Plaintiff the amounts from Defaulting Defendant's financial accounts within fourteen (14) calendar days of receipt of this Order.

Dated:   12/17/25

Georgia N. Alexakis
United States District Judge